## Case No. 11,367.

### PRATHER v. BURGESS.

[5 Cranch. C. C. 376.] [1]

Circuit Court, District of Columbia. Nov. Term, 1837.

DEED OF PERSONAL PROPERTY—RECORDING—CONVEYANCE OF SLAVES FOR SOLE AND SEPARATE USE, IN ANTICIPATION OF MARRIAGE.

1. A deed of personal property, not acknowledged and recorded according to the Maryland

[1] [Reported by Hon. William Cranch, Chief Judge.]

act of 1729, c. 8, is valid between the parties, and those claiming under them, although possession should not accompany and follow the deed.

2. A deed of bargain and sale of her slaves, by a feme sole, to a trustee for her separate use (notwithstanding her future coverture), and without any control of her husband (one slave being delivered to the trustee in the name of all), is a bar to the marital rights of the future husband, unless made without his privity or assent. But if made pending the treaty of marriage, without valuable consideration, and without the privity or knowledge of the husband, it is void as to him. The frequent declarations, however, of the husband, after the marriage, that the slaves were not his, but belonged exclusively to his wife, were evidence from which the jury might infer that the deed was made with his knowledge and assent.

Trover for slaves valued at eight thousand dollars. The defendant [Deborah Burgess] offered evidence that she owned the slaves before her marriage with the plaintiff's intestate [Burgess], and, while sole, conveyed them, by a deed of bargain and sale, to one Thomas Gassaway, in trust for her separate use, without the control of her future husband, notwithstanding the coverture; that the deed was delivered to Gassaway, but was not acknowledged or recorded according to the Maryland act of 1729, c. 8, but that one of the slaves was delivered, in the name of all, to the trustee; that at the time of executing the deed she resided in Washington, D. C., but the slaves were principally in Montgomery county, in Maryland; that the deed was made a few months prior to the marriage, but pending the treaty; that Burgess lived in Ann Arundel county, in Maryland, and was not present at the execution of the deed; that the witnesses never heard from him that he knew of the deed, but that after the marriage he was frequently heard to say that the slaves were the property of his wife, and he wished her to sell them, and sometimes drove them away from his plantation; that the deed was destroyed by fire, together with the dwelling-house of the trustee, who had become, and still remained, insane.

Upon this evidence THE COURT (THRUSTON, Circuit Judge, absent), at the motion of R. S. Coxe, for plaintiff, instructed the jury that if they should believe from the evidence that the deed was made without any valuable consideration passing from the grantee to the grantor, and before her marriage, without the privity or knowledge of her intended husband, then the said deed is void as to him and his administrator, the plaintiff, and does not constitute any bar to this action. To which instruction the defendant excepted. And at the prayer of Brent & Brent, the defendant's counsel, the court instructed the jury that if they should find from the evidence that the deed of trust was made by the defendant several months before her marriage, and that after her marriage her husband, the said Basil Burgess,

frequently declared that the slaves named in the deed of trust were not his, and that he had no control over or right to them, but that they belonged exclusively to his wife, it is competent for the jury to infer that such declarations were made in reference to the said deed of trust, and that it was made with his knowledge and assent. To which instruction the plaintiff excepted.

THE COURT, also, at the prayer of the defendant's counsel, instructed the jury that if they should be satisfied by the evidence that the defendant, before her intermarriage with the said Basil Burgess, and during the treaty for the marriage, executed and delivered a deed of bargain and sale to Hanson Gassaway, in the usual form, acknowledging the payment of a sum of money, and acknowledging that the defendant had, for such consideration, bargained and sold the said slaves to the said Hanson Gassaway, to have and to hold the same in trust for the separate use of the defendant, notwithstanding her coverture, and without any control of her husband, and that one of the said slaves was, at the time of executing and delivering the said deed, delivered to the said Hanson Gassaway, in the name of the whole, then the said deed is a bar to the marital rights of the said Basil Burgess, and the plaintiff cannot recover in this action, unless the said deed was made without privity or assent of the said Basil Burgess. To which instruction the plaintiff also excepted.

Mr. Coxe cited Clancy, Marital Rights, 6Z, 614; Carleton v. Dorset, 2 Vern. 17.

Mr. Brent cited Orr v. Pickett, 3 J. J. Marsh. 279; Jenkins v. Morton, 3 T. B. Mon. 30; 1 Tuck. Bl. Comm. 110; Countess of Strathmore v. Bowes, 1 Ves. Jr. 28.

Verdict for defendant.